**(42 Misc. Rep. 94.)**

SCHILLING CO. v. ROBERT H. REID & CO. et al.

(Supreme Court, Special Term, Albany County. December, 1903.)

**1. PLEADING—DEMURRER TO COMPLAINT.**

Where one of several defendants demurs to a complaint on the ground that it does not state a cause of action, and that causes of action are improperly joined, the demurrer cannot be sustained where the complaint, however insufficient as to the other defendants, is sufficient as to the demurring defendant.

Action by the Schilling Company against Robert H. Reid & Co. and others. Certain defendants demurred to the amended complaint upon the following grounds: "First, that such amended complaint does not state facts sufficient to constitute a cause of action; second, that causes of action have been improperly united in said amended complaint." Overruled.

Harris & Rudd, for plaintiff.
Hun & Parker, for defendants.

HERRICK, J. Where a demurrer to a complaint is made by one of several parties defendant upon the grounds that the complaint does not state facts sufficient to constitute a cause of action, or that causes of action are improperly united, the sufficiency of the complaint is to be tested as to the party demurring; and, however insufficient it may be as to other parties, if it states a cause of action as against the demurrant, and if, as to him, the causes of action are not improperly united, then his demurrer must be overruled. However defective the complaint in this case may be as a complaint for the foreclosure of a mechanic's lien, it seems to me that it states a cause of action against Reid & Co., against whom a personal judgment is demanded, and against whose property no lien is sought to be established.

Code Civ. Proc. § 3412, provides that:

"If the lienor shall fail, for any reason, to establish a valid lien in an action under the provisions of this title, he may recover judgment therein for such sums as are due him, or which he might recover in an action on a contract, against any party to the action."

And it seems to me that if the complaint sets forth the same facts that would, upon a trial, entitle him to recover a judgment "against any party to the action," where he had failed "to establish a valid lien," such complaint is, as to that party, sufficient, although it fails to set forth sufficient facts to enable the plaintiff "to establish a valid lien."

The causes of action united in this complaint are both upon contract, and both for work, labor, and services; the first of which, the complaint alleges, the defendants Robert H. Reid & Co. agreed to pay, and the second of which, it is alleged, was performed "under a contract with Robert H. Reid & Co.," these are causes of action that can be united in a single complaint. The demurrer must therefore be overruled,

¶ 1. See Pleading, vol. 39, Cent. Dig. § 457.

with costs, with leave, however, to the defendant to plead over within 20 days upon the payment of such costs.

Demurrer overruled, with costs, with leave to defendant to plead over within 20 days upon payment of costs.