SCHILLING CO. v. ROBERT H. REID & CO. et al.

(Supreme Court, Appellate Division, Third Department. May 4, 1904.)

1. ACTION ON CONTRACT—CONDITION PRECEDENT—PERFORMANCE—PLEADING.
    A complaint alleging that plaintiff assigned a building contract to defendant, who, in consideration thereof, agreed to pay certain sums when defendant should be paid by the owner, was demurrable, for not alleging that defendant had been paid by the owner.

2. SAME—CONSTRUCTION OF COMPLAINT.

A complaint alleged that plaintiff assigned a building contract to defendant, who, in consideration thereof, agreed to pay certain sums, and that subsequent to such assignment the plaintiff performed work for defendant, and that the work was "under contracts and agreements as above set forth." *Held*, that a fair construction of the complaint on demurrer was that the work and labor was under an independent contract, and as to it a cause of action was stated.

Appeal from Special Term, Albany County.

Action by the Schilling Company against Robert H. Reid and others. From a judgment overruling the demurrer of Robert H. Reid & Co. to the complaint (85 N. Y. Supp. 1010), such defendant appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Hun & Parker (Lewis R. Parker, of counsel), for appellant.
Harris & Rudd (W. L. Visscher, of counsel), for respondents.

CHASE, J. By the complaint it appears that in 1902 the plaintiff made a written contract with the defendant M. L. Ryder Building Company, by which contract it agreed to provide certain materials and perform certain work on a banking building of the defendant New York State National Bank, mentioned therein. Subsequently, and in 1902, the plaintiff made a subcontract in writing with the defendant Robert H. Reid & Co., by which the defendant Reid & Co. agreed to provide certain of the materials and perform certain of the work mentioned in the said contract between the plaintiff and said building company. The plaintiff thereafter, and in 1902, made another and further written contract with said Ryder & Co., by which contract it agreed to provide certain other materials and perform certain other work on said banking building. The said Reid & Co. failed to perform its part of said subcontract, and delayed and hindered the plaintiff in performing its contracts with said building company. On May 1, 1903, a further contract was made by and between the plaintiff and said Reid & Co., by which the plaintiff agreed to assign to Reid & Co. the contract with the building company, and said Reid & Co. assumed all the obligations of the plaintiff contained in its contract with the building company, and said Reid & Co. further agreed to pay to the plaintiff the sums set forth in Schedules 1 and 2, attached to and made a part of said agreement, "at the times specified in said schedules." By said schedules it was, among other things, provided that $1,848.95 be paid by Reid & Co. to the plaintiff, "pro rata of 20 per cent. to the payments made to Reid & Co. on account of the contract for wainscot, pilasters, door and window trim at the same time when Robert H. Reid & Co. receives payment from the M. L. Ryder Building Company." On May 4, 1903, a further written agreement was made by and between all of the parties to this action, as a final adjustment of the matters in difference between them, and by said agreement the building company accepted the promises and agreements of Reid & Co., and released the plaintiff from its promises and agreements; and the amount then due from the building company for work done and materials furnished under the agreements between the plaintiff and the building company was fixed, and the part

thereof payable to the plaintiff and to Reid & Co. agreed upon.    Said last-mentioned agreement also provided how payments should be made to Reid & Co. for work thereafter to be done and materials thereafter to be furnished under said original agreements.    On the 18th day of June, 1903, the plaintiff filed a notice of lien in the office of the clerk of the county of Albany, but for what amount, or for what work, labor, and services performed or materials furnished, does not appear.    This action is brought by the plaintiff to recover said amount of $1,848.95, and a further sum of $137, and judgment is demanded against the defendant Robert H. Reid & Co. for the aggregate amount of $1,985.95, with interest from the 16th day of May, 1903; and the plaintiff also asks that said amount be adjudged to be a lien upon the building and lot of land described in the complaint.    The complaint does not describe any lot of land, except as it refers to work to be done and material to be furnished upon a banking building at 69 State street, in the city of Albany.

The defendant Robert H. Reid & Co. served a demurrer to the complaint.    The issue of law was tried, and the demurrer overruled.    Schilling & Co. v. Reid & Co., 42 Misc. Rep. 94, 85 N. Y. Supp. 1010.    We agree with the Special Term that, as against the demurring defendant, the complaint purports to set forth a cause of action on contract.    If the complaint sets forth facts sufficient to constitute a cause of action on contract, the demurrer was properly overruled.    The work, labor, and services performed by the plaintiff and materials furnished by it prior to May 1, 1903, and its rights under its contracts of 1902, constitute the basis for the promise to pay the agreed amount of $1,848.95 mentioned in the complaint.    By reading the contract of May 1, 1903, with the schedules which are made a part thereof, it appears that the item of $1,848.95 is to be paid pro rata of 20 per cent. to the payments made to Reid & Co. on account of the contract for wainscot, pilasters, door and window trim, and the time of payment is expressly stated to be "at the same time when Robert H. Reid & Co. receives payment from the M. L. Ryder Building Company."    To entitle the plaintiff to recover, therefore, it is necessary for it to allege and show that Robert H. Reid & Co. has received payment from the building company, entitling the plaintiff to payment of said $1,848.95, or to some portion thereof.    In addition to the work, labor, and services and materials furnished prior to making the agreement of May 1, 1903, the complaint alleges "that between the 1st day of May, 1903, and the 16th day of May, 1903, the Schilling Company also performed work, labor, and services, under a contract with Robert H. Reid & Co., in erecting the bank building known as No. 69 State street, Albany, N. Y., and which work, labor, and services were of the value and price of $137."    Although the complaint continues "that said work, labor, and services were in the erection and construction of said building, and under contracts and agreements as above set forth," it appears that such work, labor, and services were performed after plaintiff had entered into the contract of May 1, 1902.    The written contracts do not include any provision requiring the plaintiff to perform any such work, labor, and services for Reid & Co.    The reasonable and fair construction of the complaint is that such work, labor, and services, of the value and price

of $137, were performed under a separate and independent agreement with said Reid & Co. The complaint states a cause of action against the defendant Reid & Co. for $137, as upon an independent agreement for work, labor, and services performed. It does not show any promise on the part of Reid & Co. to pay the plaintiff $1,848.95, except upon conditions precedent; and, as it does not contain allegations showing that such conditions precedent have been performed, excused, or waived, the complaint, so far as such item is concerned, is insufficient.

The interlocutory judgment should be affirmed, with costs, with leave to the appellant to answer in 20 days on payment of costs in court below and in this court. All concur.